**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freddie Lee Ford, | No. CV-13-02474-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner objects to the Report and Recommendation (R&R) of Magistrate Judge Burns. Doc. 16. The R&R suggests that the Court deny the pro se petition for writ of habeas corpus brought under 28 U.S.C. § 2254. Doc. 15. Specifically, Judge Burns found that Petitioner procedurally defaulted grounds one and three of his petition by failing to present them to the state court, and that he failed to show cause and prejudice to excuse the default. Doc. 15 at 12. Judge Burns found that ground two of the petition is not a cognizable federal claim. *Id.* at 14. For the reasons that follow, the Court will accept the R&R and deny the habeas petition.

**I.   Background.**

The petition concerns two Arizona state cases: CR 2010-106247, in which Petitioner was charged with threatening two police officers and others with a pellet gun, and CR 2010-117471, in which he was charged with assaulting a detention officer in the Maricopa County Jail. Doc. 15. In CR 2010-106247, Petitioner pled guilty to two counts

of class 2 felony aggravated assault and one count of class 3 felony aggravated assault. Doc. 15 at 2. The plea agreement required that Petitioner be sentenced to prison for the class 2 felony assaults and did not state whether these sentences would be served consecutively or concurrently. *Id.* Petitioner agreed to be placed on supervised probation for the class 3 assault. *Id.* In CR 2010-117471, Petitioner pled guilty to a class 5 felony aggravated assault. The plea agreement provided that Petitioner would be placed on supervised probation upon his release. *Id.* at 9.

At sentencing, the trial court heard from officers present at the scene of the class 2 assaults. They described Petitioner's brandishing of what appeared to be a firearm in the middle of a public street, pointing it at drivers who fled in fear, pointing it at officers who were trying to get the scene under control, and refusing to comply with officers' commands until he was forcibly subdued. Doc. 13-1 at 47-79. The trial court considered Petitioner's criminal history and past gang affiliation, heard arguments about his mental health, and sentenced Petitioner to two terms of 18.5 years on the class 2 felonies, to be served consecutively, and to a probationary period following his imprisonment. *Id.* This was less than the 46.5-year sentence requested by the State. *Id.* at 65.

Petitioner filed a timely notice of post-conviction relief ("PCR"). His PCR counsel found "no claims for relief to raise in post conviction proceedings." Doc. 15 at 3 "Petitioner filed a timely pro per PCR petition, raising the following issues: 1) ineffective assistance of counsel ("IAC") for failure to 'explain contents of plea agreements to defendant;' and 2) the trial court improperly aggravated his sentences and also improperly ordered them to be served consecutively." *Id.* at 3-4 (quoting Ex. N at 6-8). The trial court denied the PCR petition. *Id.* at 4.

Petitioner filed a petition for review with the Arizona Court of Appeals raising four issues: "1) whether his plea was legal because he was on 'psychotropic narcotic drugs while pleading guilty before the judge;' 2) whether his sentence was properly aggravated with a prior conviction; 3) whether the imposition of consecutive sentences was proper; and 4) IAC (generally and relating to his plea)." *Id.* (quoting Doc. 6 at 31-

1   46).  The Court of Appeals denied the petition, finding that nothing in the record
2   indicated that the trial court or Petitioner's trial counsel should have doubted his
3   competency at the plea hearing, that the sentence was properly aggravated, that
4   consecutive sentences were lawful because the sentences were imposed for a single act
5   that harmed multiple victims, and that most of Petitioner's IAC claims were too vague or
6   unsupported to permit meaningful review.  *Id.* at 4-6.  The Court of Appeals found that
7   Petitioner's IAC claim regarding his acceptance of the plea agreement was sufficiently
8   specific, but determined that the record contradicted his claim and that Petitioner had
9   failed to establish prejudice arising from trial counsel's actions.  *Id.* at 5.  The Arizona
10  Supreme Court denied review.  *Id.*

11  Petitioner's federal habeas petition raises three grounds for relief: (1) ineffective
12  assistance of counsel in violation of the Fifth and Sixth Amendments because trial
13  counsel failed to investigate Petitioner's mental history and his alleged prior conviction
14  and failed to "group plea's at sentencing;" (2) the sentence violated the Fifth and Sixth
15  Amendments because the trial court improperly used a prior conviction, "transfer[red]
16  intent in violation of the law," relied on insufficient testimony, and engaged in judicial
17  fact finding; and (3) the sentence was excessive and violated the Fifth Amendment
18  because it was based on brandishing a pellet gun which had no $CO_2$ cartridge.  *See*
19  Doc. 6 at 6-8.

20  Judge Burns found that Petitioner failed to exhaust his remedies in state court on
21  grounds one and three, resulting in procedural default.  *Id.* at 12.  On ground one, she
22  found that "[w]hile Petitioner raised differing IAC claims [in] his PCR petition and
23  petition for review, both pleadings failed to mention any failure to investigate or [group
24  the plea agreements], but instead argued IAC generally and relating to the acceptance of
25  his plea and failure to explain the contents of his plea."  *Id.*  On ground three, Judge
26  Burns found that Petitioner failed to raise a "claim in his PCR petition or petition for
27  review arguing that his sentence was constitutionally excessive or 'absurd' as set forth in
28  his habeas petition."  *Id.*  Judge Burns also found on grounds one and three that Petitioner

failed to establish any basis "to excuse the procedural default by showing of cause and prejudice [and did not argue] a fundamental miscarriage of justice." *Id.* Finally, Judge Burns found that ground two failed to state a cognizable federal claim because it concerned "[s]entence calculation and application of state sentencing statutes [that] are matters of state law," and Petitioner failed to establish that his sentence was "arbitrary and capricious, or fundamentally unfair." *Id.* at 14-15

Petitioner's objection to the R&R focuses entirely on exhaustion and procedural default. Petitioner argues that his counsel at the sentencing hearing failed to state that the pellet gun was inoperable, that he was under the influence of both drugs and alcohol, and that he lacked the intent to place anyone in imminent physical danger. *Id.* He argues that this is a substantial claim and that he was left unrepresented during PCR proceedings when his appointed PCR counsel filed a notice stating that he could find no errors in the conviction or sentencing. *Id.* at 2. Petitioner also argues that his PCR counsel should have addressed "judicial fact finding" and the imposition of consecutive sentences. *Id.* at 2. Petitioner closes by claiming that his counsel acted in violation of the State Bar of Arizona Rules of Professional Conduct and that he has been denied due process. *Id.* at 3.

**II.     Analysis.**

    **A.     Ground Two.**

As noted, Judge Burns found that ground two failed to state a cognizable federal claim. Petitioner raises no objection to this conclusion. Doc. 6. The Court must undertake a de novo review only of those portions of the R&R to which specific objections are made. Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court therefore will not address ground two.

    **B.     Ground One.**

As noted, ground one asserts that Petitioner's trial counsel provided ineffective assistance by failing to investigate his mental history and his prior conviction and by failing to "group plea's." Doc. 6 at 6. Judge Burns found that Petitioner did not raise this claim in state court and that it is now procedurally defaulted because Petitioner cannot

1  return to state court to raise it. Doc. 15 at 12. Petitioner does not object to this finding, but appears to argue that his procedural default of ground one should be excused for cause and prejudice. Doc. 16 at 2.

When a petitioner has procedurally defaulted a claim, a federal district court may consider the merits of that claim if the petitioner can establish cause for the procedural default and resulting prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), the Supreme Court held that cause and prejudice can be satisfied when PCR counsel "was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)" and a petitioner shows "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318.

Petitioner did not argue before Judge Burns that his procedural default of ground one should be excused for cause and prejudice. Doc. 15 at 12-13. Even considering the cause and prejudice arguments that appear to be raised for the first time in Petitioner's objection, they are unavailing. To establish ineffective assistance of counsel under *Strickland*, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that the "deficiencies in counsel's performance [were] prejudicial to the defense." *Strickland*, 466 U.S. at 688, 692. Prejudice means "a reasonable probability" that, "but for counsel's deficient performance, 'the result of the proceeding would have been different.'" *Franklin v. Johnson*, 290 F.3d 1223, 1237, (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 694).

In his objection, Petitioner mixes arguments regarding his trial counsel and his PCR counsel. He asserts that trial counsel should have mentioned at the sentencing hearing that he "brandish[ed] an inoperable air pellet gun" that had no $CO_2$ cartridge. Doc. 16 at 2, 3. He argues that this fact indicates that he lacked the intent to place anyone in imminent physical danger. *Id.* at 3. Additionally, Petitioner argues that trial counsel should have mentioned that he was under the influence of "not only drugs, but alcohol" at the time of the incident, and should have objected to judicial fact finding and consecutive

- 5 -

sentences. *Id.* at 2. Finally, Petitioner complains that his PCR counsel raised no issues with the conviction and sentencing, leaving Petitioner "unrepresented." *Id.*

None of these arguments relate to ground one. As noted above, ground one asserts ineffective assistance of counsel based on a failure to investigate Petitioner's mental health history and prior convictions, and on a failure to "group plea's." Doc. 6 at 6. Because the arguments made in the objection do not relate to ground one, Petitioner has failed to establish cause for the procedural default of ground one.[1] Nor do the arguments show that ground one was a substantial claim.[2] *Martinez*, 132 S.Ct. at 1318.

### C. Ground Three.

Ground three asserts that Petitioner's sentence was excessive and violated the Fifth Amendment because it was based on brandishing a pellet gun which had no pellets or $CO_2$ cartridge. *See* Doc. 6 at 6-8. Judge Burns found that Petitioner did not raise this claim in state court and that it is now procedurally defaulted. Doc. 15 at 12. Petitioner does not object to this finding, but appears to argue that his procedural default should be excused for cause and prejudice. Doc. 16 at 2.

Again, Petitioner did not argue before Judge Burns that his procedural default of ground three should be excused for cause and prejudice. Doc. 15 at 12-13. When this Court considers the new cause and prejudice arguments, it finds them unpersuasive. As noted above, Petitioner's objection argues that trial counsel should have mentioned that he brandished an inoperable pellet gun, that he lacked the intent to place anyone in imminent physical danger, and that he was under the influence of "not only drugs, but

---

[1] Procedural default can also be excused when "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Petitioner does not raise this issue in his objection.

[2] On the merits of ground one, Petitioner does not explain what he means by the failure to "group" pleas (this may simply be an objection to the consecutive sentences) or how further investigation of his criminal history would have made a difference. With respect to trial counsel's alleged failure to investigate Petitioner's mental health issues, those issues were the primary focus of trial counsel's argument at the sentencing. *See* Doc. 13-1 at 65-70. (The Court notes that the sentencing transcript attributes many of the mental health arguments to the trial judge, but this appears to be a clear error as the speaker – defense counsel – is addressing the judge. *See id*. at 68, lines 16-17 ("in your court"), and 69, line 19 ("Your Honor")).

- 6 -

1  alcohol." Doc. 16 at 2-3. Because ground three is not an ineffective assistance of
2  counsel claim, these arguments are not directly relevant, but Petitioner may be asserting
3  them to show that PCR counsel should have made the ground three arguments, that his
4  failure to do so was ineffective, and that this ineffectiveness constitutes cause and
5  prejudice sufficient to excuse the procedure default. Even so construed, they are
6  unavailing.

7  The fact that Petitioner used a pellet gun and not a real firearm was abundantly clear at the sentencing hearing. Witnesses referred to the weapon as a "BB gun" or "pellet gun." *See*, *e.g.*, Doc. 13-1 at 58. The presentence report referred to it as an "air gun." *Id.* at 93. The Court clearly understood that it was not a firearm in the traditional sense. And the fact that it was also inoperable would have made little difference as it was the appearance of the weapon, not the fact that it was a pellet gun, that made Petitioner's crime so serious. *Id.* at 47-79. Petitioner's alleged lack of intent to place anyone in physical danger is inapposite because the charge was that Petitioner placed law enforcement and others "in reasonable apprehension of physical injury." *Id*. at 3. Witnesses testified at the sentencing hearing that they thought Petitioner's gun was an actual firearm and felt fear when he pointed it at them in the middle of a city street and refused to put it down when ordered to do so by law enforcement. *See*, *e.g.*, *id*. at 57-59. Finally, Petitioner argues that counsel should have made clear that Petitioner was "under the influence not only of drugs, but alcohol." Doc. 16 at 2. This fact was also clear at the sentencing. The presentence report noted that, at the time of the offense, Petitioner was holding a gun in his right hand and a beer in his left hand. Doc. 13-1 at 93. Given that these facts were known to the trial court at sentencing, and given the nature of the charges for which Petitioner was sentenced, Petitioner's arguments do not provide a basis for concluding that PCR counsel was ineffective when he failed to assert that the sentence was excessive. Nor do they provide a basis for concluding that PCR counsel overlooked a substantial argument.[3]

---

[3] Petitioner's citation to *State v. Fell*, 115 P.3d 594 (Ariz. 2005), where the

**D.     Conclusion.**

Petitioner does not object to Judge Burns' recommendation on ground two and has procedurally defaulted his claims in grounds one and three. Petitioner has not shown cause and prejudice to excuse his procedural default. The Court will accept Judge Burns' recommendation.

**IT IS ORDERED:**

1. Petitioner's petition for writ of habeas corpus is **denied**.
2. A certificate of appealability and leave to proceed in forma pauperis on appeal are denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).
3. The Clerk shall terminate this action.

Dated this 30th day of June, 2015.

David G. Campbell
United States District Judge

---

Arizona Supreme Court reviewed Arizona's non-capital, first degree murder sentencing scheme, appears to be inapposite. Petitioner does not explain this citation beyond stating that "Arizona statute[]s were clear at the time." Doc. 16 at 2.

- 8 -